(119 So. 26)

## GRIMES v. STATE. (4 Div. 369.)

Court of Appeals of Alabama. Nov. 20, 1928.

Rehearing Denied Dec. 11, 1928.

witness was asked: "What did they have on the car?" The answer was: "There was 25 gallons of whisky, two 10-gallon kegs and one 5-gallon full, on the car." Insistence is made that the solicitor should not have used the word "they" when inquiring as to what was in the car. The defendant and two others were in the car, and the possession might have referred to either or all of the occupants; but, if there was technical objection to the question, the answer cured any possible error.

Insistence is made that the court erred in permitting state's witness Gillespie to testify to a statement made by Morrison, one of the parties in the car, which statement was made at the time of the arrest, and when all three of the occupants of the car were present. What was said then and there by either of them was a part of the res gestæ, and as such was admissible as evidence. But, aside from this, the question is not properly here presented, as no exception appears in the record to the ruling of the court.

The proper predicate having been laid, the confession of defendant, admitting his connection with the possession of the whisky, was properly admitted. The testimony of Gillespie and Baker sufficiently shows that the statement of defendant regarding the possession of the whisky was voluntary.

There is no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

J. C. Yarbrough, of Enterprise, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J.   There was evidence for the state which, if believed beyond a reasonable doubt, would authorize a verdict of guilt. Hence the general charge, as requested by defendant, was properly refused.

There were three men in an automobile, the defendant being one of them. A state's